IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANFORD A. HORNSTEIN, individually, and on behalf of the estate of ELIZABETH H. HORNSTEIN,<br><br>Plaintiff,<br><br>vs.<br><br>BRUNSWICK CORPORATION, et al.,<br><br>Defendants. | Case No. CIV-09-854-M |

**ORDER**

Before the Court is defendant Brunswick Corporation, doing business as its unincorporated Mercury Marine division's ("Mercury Marine"), Motion to Dismiss Due to Failure to Make Timely Service, filed August 13, 2009. On August 27, 2009, plaintiff filed his response. On September 8, 2009, Mercury Marine filed its reply, and on October 23, 2009, plaintiff filed his sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

This action arises out of an automobile accident that occurred on November 9, 2003. Both plaintiff and his wife Elizabeth Hornstein were injured in the accident; Elizabeth Hornstein subsequently died of her injuries. On November 9, 2005, plaintiff filed an action in Payne County District Court. On November 1, 2007, this action was dismissed by the court for want of prosecution. On November 3, 2008, plaintiff re-filed the same action in Payne County District Court. On June 23, 2009, plaintiff filed his Amended Petition, adding Brunswick Corporation as a named defendant. Plaintiff's Amended Petition asserts identical claims as those alleged in the petitions filed in November 2005 and November 2008.

Mercury Marine was served, for the first time, with the Summons and Amended Petition, via certified mail on July 10, 2009. On July 30, 2009, counsel for Mercury Marine filed their appearances in the Payne County District Court, and on August 7, 2009, Mercury Marine filed a Notice of Removal and removed this action to this Court.

II.   Discussion

Mercury Marine now moves this Court to dismiss this action based upon plaintiff's failure to serve it within one hundred eighty days as required by Okla. Stat. tit. 12, § 2004(I). In his response, plaintiff does not dispute that he failed to serve Mercury Marine within one hundred eighty days[1] but contends that based upon 28 U.S.C. § 1448, once this action was removed he had an additional one hundred twenty days, as set forth in Federal Rule of Civil Procedure 4(m), to serve Mercury Marine. Plaintiff further states that he served Mercury Marine on August 25, 2009, and, therefore, asserts there are no grounds on which to dismiss this action for lack of service.

Section 1448 provides, in pertinent part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or <u>in which process served proves to be defective</u>, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448 (emphasis added). Based upon the plain language of this statute, the Court finds that even assuming that plaintiff's service on Mercury Marine was untimely and, thus, defective, once this case was removed to this Court, new process may be issued in the same manner as in cases

---

[1] For purposes of this Order, the Court will assume that plaintiff failed to serve Mercury Marine within one hundred eighty days and cannot show good cause why such service was not made within that period.

originally filed in this Court. "In the event there is any problem with service under the state procedure, the federal court has the power to order the plaintiff to perfect service in accordance with the Federal Rules of Civil Procedure." *Spiritbank v. McCarty*, No. 08-CV-675-CVE-PJC, 2009 WL 1158747, at *2 (N.D. Okla. April 22, 2009).

Mercury Marine, however, asserts that § 1448 does not retroactively extend the time limits prescribed by state law in cases where service was untimely before the action is removed to federal court and that § 1448 cannot be utilized to breath life into a case legally dead in state court. While at first blush Mercury Marine's argument is appealing, the Court, however, finds that upon review of the cases upon which Mercury Marine relies, and specifically the state statutes at issue in those cases, and the Oklahoma statute at issue in this case, Mercury Marine's argument is unavailing.

Mercury Marine relies upon *Morton v. Meagher*, 171 F. Supp. 2d 611 (E.D. Va. 2001), and *Osborne v. Sandoz Nutrition Corp.*, 67 F.3d 289 (1st Cir. 1995), in support of its argument. Both of the state statutes involved in those cases provide that if service had not been completed within the time permitted and the plaintiff did not demonstrate good cause, the action <u>shall</u> be dismissed. *See* Massachusetts Rule of Civil Procedure 4(j); Rule 3.3 of the Rules of the Supreme Court of Virginia. Further, one of the state statutes even provides that the action shall be dismissed with prejudice. *See* Rule 3.3 of the Rules of the Supreme Court of Virginia. Thus, based upon the mandatory language of these statutes, the cases at issue would have been legally dead in state court. The Oklahoma statute at issue in the case at bar, however, provides that if service is not made within the one hundred eighty day period and the plaintiff cannot show good cause why such service was not made within that period, "the action <u>may</u> be dismissed". Okla. Stat. tit. 12, § 2004(I) (emphasis added). Thus, based upon the permissive language of the Oklahoma statute, the Court finds that the

case at bar was not legally dead in state court; the state court may or may not have dismissed this action based upon plaintiff's failure to timely serve and failure to show good cause for his failure to serve within the one hundred eighty day period.

The Court, therefore, finds that it is appropriate for plaintiff to utilize § 1448 to have one hundred twenty days from the date this action was removed to perfect the defective state service. While Mercury Marine may have had a valid argument for dismissal based on insufficient state service, it could have moved the state court for relief. Instead, Mercury Marine chose to exercise its right to remove the case to federal court; with that, Mercury Marine must accept both the advantages and disadvantages that removal brings.

Accordingly, because plaintiff had one hundred twenty days from the date this action was removed to perfect the defective state service, and because plaintiff has served Mercury Marine within the one hundred twenty day period, the Court finds that this action should not be dismissed due to failure to make timely service.

III.    Conclusion

For the reasons set forth above, the Court DENIES Mercury Marine's Motion to Dismiss Due to Failure to Make Timely Service [docket no. 9].

**IT IS SO ORDERED this 19th day of November, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE