# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SANFORD A. HORNSTEIN, Individually, )
and on Behalf of the Estate of ELIZABETH )
H. HORNSTEIN, as Surviving Spouse, )
                                                                    )
                              Plaintiff, )
                                                                   )
vs. ) Case No. CIV-09-854-M
                                                                    )
BRUNSWICK CORPORATION; )
BRUNSWICK CORPORATION, d/b/a )
MERCURY MARINE, a/k/a MERCURY, )
a/k/a MERCURY OUTBOARDS, a/k/a )
MERCRUISER; MERCURY MARINE, )
INC.; and MERCRUISER, INC., )
                                                                    )
                            Defendants. )

## ORDER

Before the Court is defendant Brunswick Corporation's ("Brunswick") Motion to Strike Plaintiff's Disclosure and Reports of Expert Witnesses Hugh McClure and Jim Jackson, filed October 19, 2010. On November 3, 2010, plaintiff filed his response, and on November 10, 2010, Brunswick filed its reply. Based upon the parties' submissions, the Court makes its determination.

On September 30, 2010, plaintiff filed his Final Witness & Exhibit List, which included Dr. Hugh G. McClure as an expert witness. On October 7, 2010, plaintiff furnished an "expert report" from Dr. McClure concerning Elizabeth Hornstein. On October 11, 2010, Brunswick filed its Final Witness and Exhibit Lists. On October 12, 2010, plaintiff filed a Supplemental Witness List, listing Jim Jackson, an accident reconstruction expert. On October 19, 2010, plaintiff furnished an expert report from Mr. Jackson. Brunswick now moves this Court to enter an order striking plaintiff's disclosure of his expert witnesses Dr. McClure (as to Elizabeth Hornstein) and Mr. Jackson and their expert reports in this case.

I.   Dr. McClure

In its motion, Brunswick asserts that it did not receive any report from Dr. McClure concerning Elizabeth Hornstein until October 7, 2010, notwithstanding the fact that the report was authored in 2004.  Additionally, Brunswick asserts that nowhere in plaintiff's Final Witness or Exhibit List does he list Dr. McClure's report nor does he state that Dr. McClure will proffer any testimony regarding or concerning Elizabeth Hornstein.  Brunswick, therefore, contends that based upon the untimely nature of the disclosure of Dr. McClure's testimony regarding Elizabeth Hornstein and his report regarding the same, Dr. McClure's report and testimony regarding Elizabeth Hornstein should be stricken.

In his response, plaintiff asserts that Dr. McClure's report regarding Elizabeth Hornstein was included in plaintiff's initial disclosures which were provided to Brunswick on March 3, 2010.  Plaintiff, therefore, contends that the reports of Dr. McClure, as well as the fact that Dr. McClure had been retained to testify in this matter as an expert witness, were fully disclosed to Brunswick's counsel as far back as March 2010 and, thus, Dr. McClure's report and testimony regarding Elizabeth Hornstein were timely disclosed to Brunswick and should not be stricken.  In its reply, Brunswick asserts that Dr. McClure's report regarding Elizabeth Hornstein was not produced to it in March 2010 and was produced for the first time on October 7, 2010.

Having carefully reviewed the parties' submissions, the Court finds that while it is disputed whether Brunswick actually received a copy of Dr. McClure's report regarding Elizabeth Hornstein in March 2010, it is clear that said report was listed on plaintiff's Rule 26 Disclosures.  Because said report is listed, the Court finds that Brunswick should have been aware of said report and that Dr. McClure would be presenting testimony regarding Elizabeth Hornstein's injuries and causation as

early as March 2010. Additionally, while the proposed testimony for Dr. McClure which is set forth in plaintiff's Final Witness & Exhibit List does not specifically state Elizabeth Hornstein's name, the Court finds that the use of the term "Plaintiff's" in conjunction with the early listing of the report regarding Elizabeth Hornstein could be construed to include testimony regarding Elizabeth Hornstein's injuries and causation.

Accordingly, the Court finds that Dr. McClure's report and testimony regarding Elizabeth Hornstein should not be stricken.

II. Jim Jackson

It is undisputed that plaintiff did not list Jim Jackson as an expert witness until October 12, 2010, after the October 1, 2010 deadline for plaintiff to submit his final list of expert witnesses in chief and expert reports. It is also undisputed that plaintiff did not submit Mr. Jackson's expert report to Brunswick until October 19, 2010, also after the October 1, 2010 deadline for plaintiff to submit expert reports. Further, it is undisputed that plaintiff did not seek, and has not sought, leave of court to file his supplemental witness list or submit Mr. Jackson's expert report out of time.

If plaintiff had sought leave to file out of time, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), he would have had to show that plaintiff failed to act because of excusable neglect. In his response, plaintiff states that he made the decision not to use an accident reconstructionist because he determined that one was not necessary and it was not until Brunswick had listed an accident reconstructionist that plaintiff determined he needed to list Mr. Jackson as an expert witness. The Court finds such a reason is not excusable neglect and that plaintiff would not have been granted leave to file out of time. Plaintiff's explanation is simply one of trial strategy, which changed based upon Brunswick's list of witnesses. Allowing plaintiff to add an expert and submit

3

his report out of time based upon a change in trial strategy would completely disregard the purpose of the deadlines imposed by the Court and the requirements of Federal Rule of Civil Procedure 26(a)(2).

Accordingly, because plaintiff has not set forth a sufficient basis to justify the untimely submissions of Mr. Jackson's report and testimony, the Court finds that Mr. Jackson's report and testimony should be stricken.

III.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Brunswick's Motion to Strike Plaintiff's Disclosure and Reports of Expert Witnesses Hugh McClure and Jim Jackson [docket no. 55] as follows:

(A)   The Court DENIES the motion to strike as to Dr. McClure, and

(B)   The Court GRANTS the motion to strike as to Jim Jackson and STRIKES Mr. Jackson's report and testimony.

**IT IS SO ORDERED this 27th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE